IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 2:21-265 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| LONDON PINKINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After careful consideration of the submissions of the parties, the Court finds that the following pending motions filed by Defendants London and Quinton Pinkins may be addressed without a hearing, and resolves said motions as follows:

London Pinkins's Motion to Compel Disclosure of Prior Bad Acts (**Doc. 1081**) and Quinton Pinkins's Motion Requesting Notice Pursuant to Rule 404(b) of the Federal Rules of Evidence (**Doc. 1296**) are **DENIED AS MOOT**, based on the Government's representation that it is aware of its responsibilities under Rule 404(b), and indication that it will provide notice to Defendants of 404(b) related evidence 7-10 days prior to trial.  This time frame is consistent with applicable caselaw, as well as this Court's standard practice, and the Court finds that it is reasonable in this case.

London Pinkins's Motion for Early Disclosure of all "Jencks Act" Material (**Doc. 1080**) is **DENIED**.  The Government has agreed to produce *Jencks* materials earlier than the law requires (before trial), and the Court will hold the Government to its agreement.

London Pinkins's Motion for Government Agents and Attorneys to Retain Rough Notes and Writings (**Docs. 1082/1626**) is **DENIED AS MOOT**.  The Government already has advised

1

its agents to preserve such material and has agreed to disclose it at the appropriate time to the extent it constitutes *Brady/Giglio/Jencks* material.

London Pinkins's Motion for Pretrial Designation of All Telephone Calls That the Government Intends to Use in Its Case-in-Chief (**Doc. 1083**) is **DENIED AS MOOT**, based on the Government's representation that it will identify those communications to all trial Defendants at least **14 days** before the start of trial.  The Court will hold the Government to its agreement.

Quinton Pinkins's Motion for Disclosure of Agreements Between the Government and Government Witnesses with Citation to Authority (**Doc. 1298**) seeks *Giglio* material.  The Government agrees to produce all *Brady/Giglio* material prior to trial in accordance with any Court-imposed deadlines.  Consistent with its standard practices, the Court will require disclosure of *Brady/Giglio* materials **10 days** before trial.  Subject to this instruction, the Motion is **DENIED AS MOOT**.

Quinton Pinkins's Motion to Sever (**Doc. 1300**) is **DENIED.**  The public interest in judicial economy favoring joint trials is well-established, and "[o]rdinarily, defendants jointly indicted should be tried together to conserve judicial resources." United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991); *see also* Zafiro v. United States, 506 U.S. 534, 537 (1993) ("[T]here is a preference in the federal system for joint trials of defendants who are indicted together."); Richardson v. Marsh, 481 U.S. 200, 209-10 (1987) ("Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability - advantages which sometimes operate to the defendant's benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.").

At this stage in the case, only one other co-defendant, London Pinkins, remains to proceed to trial.  Quinton Pinkins has not persuaded the Court that he will be prejudiced by a joint trial with London Pinkins within the meaning of Federal Rule of Criminal Procedure 14.  Quinton Pinkins's concern that some of the trial evidence predates his involvement in the conspiracy, and may only be relevant to London Pinkins, is not sufficient.  *See* United States v. Savage, 85 F. 4th 102, 119 (3d Cir. 2023) (stating that if such were the case, "a joint trial could rarely be held"); United States v. Walker, 392 F. App'x 919, 925–26 (3d Cir. 2010); United States v. Adams, 759 F.2d 1099, 1112 (3d Cir.1985) (A "defendant is not entitled to severance merely because the evidence against a co-defendant is more damaging than that against him.").  Here, the Court agrees that the jury, with appropriate limiting instructions (if even necessary), will be able to compartmentalize the evidence and consider it for its proper purposes.  For all of these reasons, Quinton Pinkins's Motion to Sever is denied.

A hearing on Quinton Pinkins's outstanding motions (**Docs. 1297, 1299 and 1301**) remains set for **May 1, 2024 at 11:00 a.m.**  All remaining Defendants and counsel must attend.

April 11, 2024                                                                 s/Cathy Bissoon
                                                                                       Cathy Bissoon
                                                                                       United States District Judge

cc (via ECF email notification):

All Counsel of Record